**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284609)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
Brenna Moore

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA MOORE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VENTURA COUNTY PROBATION AGENCY a/k/a VENTURA COUNTY PROBATION DEPARTMENT; SUPERIOR COURT OF VENTURA COUNTY; and COUNTY OF VENTURA,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CALIFORNIA BUS. & PROF. §§ 17200 ET SEQ.; AND,**<br><br>2) **42 U.S.C. § 1983 [EQUAL PROTECTION].**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1. Plaintiff, BRENNA MOORE ("Ms. Moore" or "Plaintiff"), brings this Class Action Complaint to challenge the unfair business practices of defendants VENTURA COUNTY PROBATION AGENCY a/k/a VENTURA COUNTY PROBATION DEPARTMENT; SUPERIOR COURT OF VENTURA COUNTY; and COUNTY OF VENTURA (jointly the "Defendants") with regard to Defendants' unfair and unlawful business practice of not refunding the unearned portion of probation supervisory fees when probation is terminated early, in violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*. and Equal Protection under 42 U.S.C. § 1983. This conduct has caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

2. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

3. The Court has federal jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C.A. § 1331.

4. The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Plaintiff because Plaintiff is a resident of the County of Ventura, State of California.

6. The Court has personal jurisdiction over Defendants because Defendants are located and reside in the State of California.

7. Venue is proper because (i) Plaintiff resides in the County of Ventura, State of California; (ii) the conduct complained of herein occurred within this judicial district; (iii) Defendants conducted and do substantial business in this judicial

district; and (iv) Defendants are subject to personal jurisdiction of this Court.

## PARTIES

8. Plaintiff is a natural person who resides in the County of Ventura, State of California.

9. The County of Ventura is a county in the State of California, and considered a "person" under 42 U.S.C. § 1983.

10. The Superior Court of Ventura County is a court in the State of California, County of Ventura, located at 800 S. Victoria Avenue, Ventura, CA 93009.

11. The Ventura County Probation Agency is a governmental entity, located at 800 S. Victoria Avenue, Ventura, CA 93009.

12. According to the website for the Ventura County Probation Agency, see http://public.venturaprobation.org (as of April 28, 2016), the Ventura County Probation Agency is charged by the courts with the direct supervision of approximately 15,500 adult offenders and 2,500 juvenile offenders on probation, as well as performing two mandated functions: the preparation of sentencing reports for the courts and the operation of the Juvenile Facilities.

## NATURE OF THE CASE

13. At all times relevant during the proposed class period, Defendants had a practice of not refunding the unearned portion of probation supervisory fees to persons for whom probation was ordered by the Ventura County Probations Agency. At all times relevant during the proposed class period, Defendants did not have a uniform policy to refund the pro rata share of probation supervision fees when probation is terminated early.

14. As a consequence of Defendants' unfair practices, Plaintiff and other similarly situated persons paid more in probation supervision fees than they were rightfully and in all fairness paid when probation was terminated early.

15. Each consumer, including Plaintiff, was exposed to virtually the same practice in the County of Ventura.

16. Defendants' conduct as alleged herein violates California's Unfair Competition Law, as more fully set forth herein.

17. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendants; and disgorgement of all ill-gotten profits from Defendants' wrongdoing alleged herein.

## FACTUAL ALLEGATIONS

18. Plaintiff was convicted of a violation of the Vehicle Code on or about May 13, 2015, and was placed on supervised probation and required to pay a supervision fee in the amount of $808.00, which Plaintiff paid in full.

19. This probation fees was for a 36-month probation period imposed on May 13, 2015.

20. Supervised probation was terminated on July 23, 2015, and Plaintiff was released from probation on that date.

21. In a legal filing on or about July 23, 2015, Plaintiff requested by motion in the Superior Court of the State of California, County of Ventura, a pro rata rebate of the supervised probation fee. That request was denied.

22. To date, Plaintiff has not been provided a refund in the amount of $713.07 (or any portion thereof), which represents the pro rata amount of the unearned supervision fees, despite Plaintiff's request for such refund.

23. Pursuant to Government Code §§ 910-913, Plaintiff's counsel served a Government Claim Form (with the required copies) on the California Victim Compensation and Government Claims Board on or about October 7, 2015, a partially redacted[1] version of which is attached hereto as **Exhibit A**. The $25 filing fee was also timely paid.

24. On or about December 16, 2015, the Government Claims Board sent a letter to Plaintiff's counsel, Darryl Genis, acknowledging receipt of Ms. Moore's Government Claim Form and requesting additional information and asserted

---

[1] Redacted is Plaintiff's telephone number and residential address.

CLASS ACTION COMPLAINT     PAGE 3 OF 13

the Government Claim Form was incomplete. The claim was given the designation of "Claim G628306."

25. On or about December 28, 2015, Ms. Moore, through counsel, sent a letter to the Government Claims Board with the information requested by the Government Claims Board, which information had already been provided to the Government Claims Board as part of the Government Claim Form mailed by counsel for Ms. Moore.

26. On or about January 21, 2016, the Government Claims Board sent a letter to Plaintiff's counsel, Darryl Genis, advising that the Government Claim Form would be considered at an upcoming Board meeting on February 18, 2016.

27. On or about February 26, 2016, the Government Claims Board sent a letter to Plaintiff's counsel, Darryl Genis, advising, among other things, that "The Victim Compensation and Government Claims Board (Board) rejected your claim at its meeting on February 18, 2016."

28. As a result of Defendants' conduct, Plaintiff and other putative class members paid the full amount of their probation supervisory fees up front and were not provided a pro rata refund of the unearned portion of those fees when probation was terminated early. Therefore, Plaintiff and putative class members suffered injury in fact and lost money and/or property as a result of Defendants' conduct complained of herein.

29. During the class period, Plaintiff and other similarly situated consumers were exposed to the same unfair conduct of Defendants as it concerns failure and/or refusal to refund the pro rata share of unearned probation supervisory fees.

30. Defendants knew, or in the exercise of reasonable care should have known their practices were unfair, especially when, on March 9, 2016, in the matter of *People of the State of California v. Paul Sturgeon*, Case No. 2010022799 in the Superior Court of California, County of Ventura, the judge in that case actually ordered that Paul Sturgeon be refunded his pro rata share of the

unearned portion of the probation supervision fees when his probation was terminated early.

31. To refuse to provide a pro rata refund of the unearned portion of the probation supervision fees to Ms. Moore, when such relief was later on afforded to Paul Sturgeon, constitutes a violation of equal protection of the law, as explained more fully below.

32. Defendants made an economic decision to deprive persons on probation from the unearned portion of probation supervisory fee, even when the probation was terminated well in advance of the anticipated length of probation.

## CLASS ACTION ALLEGATIONS

33. Plaintiff and members of the Class have all suffered injury in fact as a result of the Defendants' unfair conduct.

34. Plaintiff brings this lawsuit on behalf of herself and other California consumers similarly situated under California Code of Civil Procedure Section 382 and California Rules of Court, Rule 3.764. Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

> All persons within the State of California who were ordered to pay and did pay a probation supervision fee to the Ventura County Probation Agency, who were granted an early release from probation, and who were not provided a pro rata refund of those probation supervision fees, since four years prior to the filing of the Complaint.

35. Excluded from the Class are Defendants and any of its officers, directors, and employees.

36. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

37. *Ascertainability.* The members of the Class are readily ascertainable from

CLASS ACTION COMPLAINT                PAGE 5 OF 13

public records, including Defendants' records, as well as through public notice.

38. *Numerosity*. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class consists of several hundreds of persons similarly situated.

39. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class, which predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized practice of not refunding the unearned portion of the probation supervisory fees upon request. The common legal and factual questions include, but are not limited to, the following:

    (a) Whether Defendants' conduct is unfair within the meaning of California Business & Professions Code §§ 17200 *et seq.*;

    (b) Whether Defendants' conduct is irrational and arbitrary in violation of Equal Protection under 42 U.S.C. § 1983;

    (c) Whether Defendants did not have a uniform policy to refund the unearned portions of probation supervision fees when probation was terminated early;

    (d) Whether Defendants, through their conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class as their pro rata refund of the unearned probation fees;

    (e) Whether Plaintiff and proposed members of the Class are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and,

    (f) Whether Plaintiff and proposed members of the Class are

entitled to injunctive relief sought herein.

40. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, was not refunded the unearned portion of the probation supervisory fees when probation was terminated earlier than anticipated. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class. Defendants have no defenses unique to the Plaintiff.

41. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interests to those in the Class, and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class.

42. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if

the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to California Code of Civil Procedure Section 382.

43. Unless the Class is certified, Defendants will retain monies received as a result of Defendants' unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendants will also likely continue to refuse to refund the unearned portion of probation supervisory fees, and members of the Class will continue to be harmed and denied their rights under California law.

44. Defendants have acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to California Code of Civil Procedure Section 382.

45. If not enjoined by this Court, Defendants and their agents, representatives, and employees will continue to violate Plaintiff and the Class members' rights to equal protection of the law. In particular, the Defendants' failure to refund the unearned portion of probation fees upon early termination will continue to deprive Plaintiff of property. Accordingly, injunctive relief pursuant to 42 U.S.C. § 1983 and other authority is appropriate.

46. An actual and substantial controversy exists between Plaintiff and Defendants as to their respective legal rights and duties. Defendants' conduct violates 42 U.S.C. § 1983. Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

# FIRST CAUSE OF ACTION

## FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.

## (CALIFORNIA'S UNFAIR COMPETITION LAW)

### [AGAINST ALL DEFENDANTS]

47. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

48. Plaintiff and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

49. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including an "unfair" and "unlawful" business act or practice.

### "Unfair" Prong

50. Defendants' actions constitute an "unfair" business act or practice under § 17200 in that Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

51. Without limitation, it is an unfair business act or practice for Defendants to not refund the unearned portion of probation supervision fees when probation is terminated early, thus withholding from Plaintiff and the Class their pro rata share of the probation supervision fess.

52. It is further an unfair business act or practice for Defendants to not have a uniform policy concerning how to handle requests for refunds for the unearned portion of probation supervision fees when probation is terminated early.

53. Defendants could have and should have furthered its legitimate business

1  interests by refunding, and having a clear policy to refund, the pro rata share of the unearned portion of the probation fees.

54. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. The lack of a uniform policy to refund the pro rata share of the unearned portion of the probation fees is ongoing and continues to this date.

### "Unlawful" Prong

55. Defendants' actions constitute an "unlawful" business act or practice under § 17200 because Defendants violated 42 U.S.C. § 1983.

56. Without limitation, it is an unlawful business act or practice for Defendants to not refund to Plaintiff the unearned portion of probation supervision fees when Plaintiff's probation was terminated early, yet refunded the unearned portion of probation supervision fees to the individual whose probation was terminated early in the matter of *People of the State of California v. Paul Sturgeon*, Case No. 2010022799 in the Superior Court of California, County of Ventura.

57. Defendants could have and should have furthered its legitimate business interests by refunding, and having a clear policy to refund, the pro rata share of the unearned portion of the probation fees.

58. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. The lack of a uniform policy to refund the pro rata share of the unearned portion of the probation fees is ongoing and continues to this date.

//
//
//

## SECOND CAUSE OF ACTION

## FOR VIOLATIONS OF 42 U.S.C. § 1983 ([EQUAL PROTECTION – ARBITRARY AND IRRATIONAL DISCRIMINATION)

### [AGAINST COUNTY OF VENTURA]

59. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

60. Refunding the pro rata share of the unearned portion of probation supervision fees to one individual after having refused to do the same for Plaintiff is irrational and arbitrary.

61. By engaging in such fundamentally unfair conduct, Defendants, acting under color of state law, are irrationally and arbitrarily discriminating against Plaintiff and in favor of a financial business interest, which bears no rational connection to public health, safety, or welfare.

62. Plaintiff is informed and believes, and on that basis alleges, that Defendants believe that their actions comply with all applicable laws.

63. An actual controversy exists between the parties, and Plaintiff is suffering an ongoing and irreparable harm by Defendants' discriminatory treatment, and the harm will continue unless Defendants' discriminatory conduct is declared unlawful and enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, and each of them, and Plaintiff and the Class be awarded damages from, and declaratory and injunctive relief against, Defendants and each of them, as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representative of the Class, and Plaintiff's attorneys be appointed Class counsel;
- An order declaring Defendants' conduct to be illegal and a violation of the laws stated herein;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendants to put into place a uniform policy and practice of refunding the pro rata share of the unearned portion of the probation fees upon early termination of probation;
- An order requiring imposition of a constructive trust and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Where necessary and as applicable, Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery, to prevent Defendants from retaining the benefits of their wrongful conduct;
- Prejudgment and post judgment interest;
- Special, general, and compensatory damages to Plaintiff and the Class for negligent and/or intentional misrepresentations;
- Nominal and compensatory damages for violation of 42 U.S.C. § 1983;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;
- Costs of this suit;
- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5 and 42 U.S.C. § 1988; and,
- Any and all other relief that this Court deems necessary or appropriate.

//
//
//

64. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 19, 2016                              Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _s/ *Abbas Kazerounian*_____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEYS FOR PLAINTIFF

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
*Attorneys for Plaintiff*

**LAW OFFICE OF DARRYL W. GENIS**
Darryl W. Genis, Esq. (SBN: 93806)
darryl@genislaw.com
3 W Carrillo St #203
Santa Barbara, CA 93101
Phone:(805) 966-0812
Fax: (805) 966-0813
*Attorneys for Plaintiff*